IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:13CR273 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| CHET LEE WEST, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S BRIEF IN RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

Prepared and submitted by:

DEBORAH R. GILG
United States Attorney

    and

DONALD J. KLEINE
Assistant U.S. Attorney
Suite 1400
1620 Dodge Street
Omaha, NE 68102

1

## NATURE OF THE CASE

Chet Lee West is charged in a three-count Indictment relating to violations of Title 26, United States Code, Section 7201.

The three-count Indictment covers three separate one-year time periods, commencing in at least 2007 and throughout 2009. In each of the three counts, it is alleged that defendant received taxable income from his employer for each calendar year, 2007 through 2009, for which he had an amount of income tax due and owing the United States and has failed to pay. Each count of the Indictment alleges that defendant did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America by taking affirmative acts of evasion at times material to the Indictment, in violation of Title 26, United States Code, Section 7201.

## FACTS

*i.  Background*

Between the calendar years 2007 through 2009, defendant resided and worked for CSI Computer Specialists, Inc. (CSI) in Omaha, Nebraska. During this period of time, defendant received taxable income from CSI.

Specifically, during the calendar year 2007, defendant received taxable income from CSI in the sum of $76,623. Upon that taxable income, there was owing to the United States of America an income tax of $13,921.

During the calendar year 2008, defendant received taxable income from CSI in the sum of $94,634. Upon that taxable income, there was owing to the United States of America an income tax of $18,781.

1

During the calendar year 2009, defendant received taxable income from CSI in the sum of $100,967. Upon that taxable income, there was owing to the United States of America an income tax of $20,122.

  *ii.*  *Allegations*

The Indictment alleges that in each of the calendar years, 2007 through 2009, defendant failed to make an income tax return on or before the income tax filing date, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax due and owing. The Indictment further alleges that in each of the calendar years, 2007 through 2009, defendant did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by taking affirmative acts of evasion at times material to the Indictment.

The Indictment sets forth affirmative acts of evasion taken by defendant to evade and defeat the income tax due and owing by him to the United States of America for the respective calendar years. The Indictment was presented to a Grand Jury seated in the District of Nebraska. The Grand Jury found probable cause to believe defendant had committed the criminal offenses set forth in the Indictment.

**DEFENDANT'S MOTION**

Although not specifically stated, Defendant's Motion to Dismiss appears to assert that under Federal Rule Criminal of Procedure Rule 12(b)(3)(B), the Indictment fails to invoke the Court's jurisdiction and to state an offense against defendant.

**ARGUMENT**

**A.     This Court Has Jurisdiction to Hear Defendant's Case.**

   *i.     This Court has Jurisdiction Over criminal offenses enumerated in the Internal Revenue Code.*

Undeterred by clear precedent, defendant argues that the District Court lacks jurisdiction over his case. Despite defendant's claim to the contrary, it is clear that United States District Courts have jurisdiction over criminal offenses enumerated in the Internal Revenue Code. Section 3231 of Title 18 of the United States Code gives the district courts original jurisdiction over "all offenses against the laws of the United States," and the Internal Revenue Code defines offenses against the laws of the United States. *U.S. v. Rosnow*, 977 F.2d 399 (8th Cir. 1992)(finding that Section 3231 of Title 18 of the United States Code grants jurisdiction over all offenses against laws of the United States, including Title 26 offenses); *See also United States v. Chisum*, 502 F.3d 1237, 1243 (10th Cir. 2007); *Salberg v. United States*, 969 F.2d 379, 384 (7th Cir. 1992); *United States v. Huguenin*, 950 F.2d 23, 25 n.2 (1st Cir. 1991); *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("it defies credulity to argue that the district court lacked jurisdiction to adjudicate" a 26 U.S.C. § 7201 action); *United States v. Ward*, 833 F.2d 1538, 1539 (11th Cir. 1987); *United States v. Bressler*, 772 F.2d 287, 293 n.5 (7th Cir. 1985); *United States v. Isenhower*, 754 F.2d 489, 490 (3d Cir. 1985); *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984); *United States v. Eilertson*, 707 F.2d 108, 109 (4th Cir. 1983).

Based upon the foregoing case-law, this Court has jurisdiction to adjudicate the offenses alleged in the Government's Indictment.

*ii.* *This Court has Jurisdiction over Defendant.*

Defendant asserts that there is no evidence that the laws of the United States are applicable to him. Defendant claims there are "no facts pled proving his presence within the United States." (Defendant's Brief, pg. 2). Each count of the Indictment, however, clearly pleads that during the applicable calendar year, "Defendant CHET LEE WEST resided and was employed in Omaha, Nebraska" by CSI. (Indictment ¶¶ 1, 4, 7).

It appears defendant's argument also claims he is not a "person" subject to the laws of the Internal Revenue Code. A citizen or resident of the United States is included in the Internal Revenue Code's definition of a United States person. 26 U.S.C. § 7701(a)(30)(A). The not-a-person argument has been dismissed by the courts as "fatuous," and "obviously incorrect." *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986); *Biermann v. Commissioner*, 769 F.2d 707, 708 (11th Cir. 1985); *United States v. Rice*, 659 F.2d 524, 528 (5th Cir. 1981); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981). Similar arguments asserting that the defendant was an "individual" and therefore not a "taxpayer" have also been rejected. *See United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990); *Lonsdale*, 919 F.2d at 1448; *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir. 1984) ("All individuals, natural or unnatural, must pay federal income tax on their wages").

Defendant also contends that the United States is a "political opinion, a fiction" and is at best a "political pseudonym for lawyers, judges, and others acting as a government…" (Defendant's Brief, pg. 3). While such an argument is clearly meritless, the Government can prove that defendant recognizes the United States as more than a political opinion or a fiction as he contends. Specifically, the Government can prove defendant receives and readily accepts

monthly disability payment benefits from the United States Department of Veteran Affairs through the United States Department of the Treasury. Defendant's own actions do not support his argument that the United States is a "political opinion, a fiction."

**B.      The Government's Indictment is Constitutionally Sufficient.**

Defendant makes numerous assertions that the Government's Indictment fails to properly state a claim against him. Defendant's claim lacks merit.

Under Federal Rule of Criminal Procedure 12(b)(3)(B), an indictment is constitutionally sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117 (1974).

The Indictment charges defendant with three separate violations of Title 26, United States Code, Section 7201. The Supreme Court has held that "the elements of § 7201 are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States,* 380 U.S. 343, 351 (1965). The Eighth Circuit has noted the existence of these three elements in several cases. *See, e.g., United States v. Willis,* 277 F.3d 1026, 1030 (8th Cir.2002).

The Indictment alleges that between the calendar years 2007 through 2009, defendant resided and worked for CSI in Omaha, Nebraska. The Indictment specifically sets forth for each calendar year, 2007 through 2009, the amount of taxable income defendant received from CSI and the amount of income tax due and owing to the United States on that earned income. It is alleged that in each of the calendar years, 2007 through 2009, defendant failed to make an income tax return on or before the income tax filing date, as required by law, to any proper

officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax due and owing to the United States. The Indictment further alleges that in each of the calendar years, 2007 through 2009, defendant did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by taking affirmative acts of evasion at times material to the Indictment. The Indictment sets forth affirmative acts of evasion for each calendar year, including defendant's failure to file a personal federal income tax return for each calendar year, 2007 through 2009, where there was owing to the United States an income tax.

The Government's Indictment sufficiently alleges in each Count that there was the existence of a tax deficiency, that defendant took an affirmative act constituting an evasion or attempted evasion of the tax, and that the defendant acted willfully.

Defendant finally claims the Government "is required to have facts in evidence to support all their arguments." (Defendant's Brief, pg. 3). It is unknown specifically what defendant is contending with this argument, however, the Government states that the Indictment was presented to a Grand Jury seated in the District of Nebraska. Based upon evidence presented by the Government, the Grand Jury found probable cause to believe defendant had committed the criminal offenses set forth in the Indictment.

Furthermore, defendant has not yet been formally arraigned and no order of case progression has been entered by this Court to require the Government to provide defendant with discovery. Following defendant's arraignment, the Government will comply with this Court's order and provide defendant with documents and other material which sets forth the factual basis and evidence in support of the Indictment's allegations. At that time, and at trial of this matter,

6

the Government will have presented to defendant evidence to support all assertions in the Indictment.

## **CONCLUSION**

The United States respectfully requests that defendant's motion to dismiss be denied.

                                          Respectfully Submitted,

                                          UNITED STATES OF AMERICA,
                                          Plaintiff,

                                          DEBORAH R. GILG
                                          United States Attorney

                    By:    <u>s/ Donald J. Kleine</u>
                            DONALD J. KLEINE, #22669
                            Assistant U.S. Attorney
                            1620 Dodge Street, Suite 1400
                            Omaha, NE  68102-1506
                            Tel:  (402) 661-3700
                            Fax:  (402) 661-3084
                            E-mail: <u>donald.kleine@usdoj.gov</u>

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  The filing was sent by U.S. mail to the following:

    Chet Lee West
    32 Fairbanks St.
    Hillside, NJ  07205

                                          <u>s/ Donald J. Kleine</u>
                                          Assistant United States Attorney