IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 8:13CR273 |
| v. | ) FINDINGS AND RECOMMENDATION |
| CHET LEE WEST, | ) |
| Defendant. | ) |

This matter is before the court on the motions of defendant Chet Lee West (West) to dismiss the Indictment (Filing No. 8) and to quash the Indictment (Filing No. 10). On July 17, 2013, the Grand Jury for the District of Nebraska returned an Indictment charging West with three counts of income tax evasion in violation of Title 26 U.S.C. § 7201 (Filing No. 1). West was summonsed to appear for arraignment in Omaha, Nebraska, on August 16, 2013 (Filing No. 5). The arraignment was continued to September 23, 2013, after West, pro se, contacted the court by telephone and requested a continuance of the arraignment (Filing No. 7). West's written pro se request for an additional continuance (Filing No. 13) was denied and he appeared before the court on September 23, 2013. West objected to the jurisdiction of the court and declined to have an attorney speak for him. After being advised of the perils of representing himself, West appeared pro se. The court offered to appoint a stand-by counsel to advise West, but West declined to complete a financial affidavit and the court declined to appoint stand-by counsel but urged West to obtain stand-by counsel on his own.

West was arraigned but declined to enter a plea or submit to the court's jurisdiction. The court entered a plea of not guilty to all counts of the Indictment on West's behalf. The discovery deadline was established as September 30, 2013, and the motion deadline was established at October 15, 2013 (Filing No. 18).

The court proceeded to hear West's pending motions, i.e., the motion to dismiss (Filing No. 8), the motion to quash the Indictment (Filing No. 10), and the motion for discovery and Brady material (Filing No. 11). West urged dismissal or quashing of the Indictment on the following grounds: no case presented; no corpus delecti; the Indictment is unfit for adjudication; and no evidence of presence within United States and laws applicable. West had no evidence to present other than his filed motions which contained various assertions,

including his motion to continue (Filing No. 13).  The government relied upon its responses (Filing Nos. 9 and 12).

West's challenges to the Indictment and this court's jurisdiction are patently frivolous. This court has jurisdiction pursuant to 18 U.S.C. § 3231 providing U.S. District Courts with original jurisdiction of all offenses against the United States including charges under Title 26 involving the Internal Revenue Code.  ***United States v. Rosnow***, 977 F. 2d 399 (8th Cir. 1992).  The Indictment clearly alleges West committed the offenses in the District of Nebraska where he resided and was employed at the times in question.  West's claim that he is not a person subject to the Internal Revenue Code has been summarily rejected as "fatuous" and "obviously incorrect" by Courts of Appeal in similar cases.  **See *Lonsdale v. United States***, 919 F.2d 1440, 1448 (10th Cir. 1990).  The Indictment contains the elements of the offenses charged and fairly informs West of such charges against which he must defend or enable him to plead an acquittal or conviction in the event of future prosecutions for the same offenses. ***Hamling v. United States***, 418 U.S. 87, 117 (1974).  Nothing more is required.

**IT IS RECOMMENDED** to the Honorable Richard G. Kopf, Senior United States District Judge, that the motion to dismiss (Filing No. 8) and the motion to quash the Indictment (Filing No. 10) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendations shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendations.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 26th day of September, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge