IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR273 |
| vs. | |
| CHET LEE WEST, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on the defendant's, Chet Lee West, Motion to Suppress Evidence, Argument and Testimony by the Government (Filing No. 87). The government filed a brief (Filing No. 88) in response to the motion.

BACKGROUND

On July 17, 2013, the Grand Jury for the District of Nebraska returned an Indictment charging the defendant with three counts of income tax evasion in violation of 26 U.S.C. § 7201. **See** Filing No. 1 - Indictment. After several motions and requests for extensions, this matter is set for trial on October 7, 2014. **See** Filing No. 82 - Order. The deadline to file pretrial motions was January 31, 2014. **See** Filing No. 33 - Order.

On August 18, 2014, the defendant filed the instant motion to suppress. **See** Filing No. 87 - Motion. The defendant seeks to suppress evidence of any occurrence prior to December 31, 2006, because such occurrences lie outside the six-year statute of limitation set forth in 26 U.S.C. § 6531. *Id.* The defendant argues the limitation period expired December 31, 2012. *Id.*

In response, the government contends the defendant's motion is untimely. **See** Filing No. 88 - Response. Additionally, the government argues the defendant's reliance on 26 U.S.C. § 6531 lacks merit. *Id.* The government argues the cited statute is a procedural limitation on filing a criminal charge and does not affect the admissibility of relevant evidence, even if the evidence predates December 31, 2006. *Id.*

## ANALYSIS

### A.   Timeliness

The deadline to file pretrial motions was January 31, 2014.  **See** Filing No. 33 - Order.  The defendant filed his motion on August 18, 2013.  **See** Filing No. 87 - Motion. "If a party fails to file a pretrial motion before [the pretrial motion] deadline, the party waives that issue."  ***United States v. Salgado-Campos***, 442 F.3d 684, 686 (8th Cir. 2006) (**citing** Fed. R. Crim. P. 12(e)).  The defendant's motion is well beyond the pretrial motion deadline and the defendant has not shown good cause for the late motion.  Therefore, the defendant has waived the suppression issue and the motion to suppress should be denied.  However, to the extent this motion is the defendant's "Motion In Limine regarding the government's Supplemental Notice of Intent to Introduce Rule 404(b) Evidence (Filing No. 62)," the court will consider the merits of the defendant's motion.[1]

### B.   Merits

Assuming, *arguendo*, the defendant's motion is timely, the defendant's motion should be denied on the merits.  26 U.S.C. § 6531 does not bar the admission of evidence.  **See *United States v. Ngari***, 559 F. App'x 259, 272 (5th Cir. 2014) ("The statute of limitations is a defense to prosecution, not a rule of evidence.  As long as the prosecution is timely instituted, the statute of limitations has no bearing on the admissibility of evidence.") (internal citations omitted); ***Fitzgerald v. Henderson***, 251 F.3d 345, 365 (2d Cir. 2001) (same); ***Black Law Enforcement Officers Ass'n v. City of Akron***, 824 F.2d 475, 482-83 (6th Cir. 1987) (same); ***United States v. Ashdown***, 509 F.2d 793, 798 (5th Cir. 1975) (same); ***Silvers v. United States***, 4:09CV1976, 2011 WL 4635617, at *12 (E.D. Mo. Oct. 5, 2011) ("It is well settled that the statute of limitations bars stale claims or charges, not evidence.").

The admissibility of evidence turns on its relevance, and not solely the date of the evidence.  Federal Rule of Evidence 401 provides that "[e]vidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  **See** Fed. R.

---

[1] The court granted the defendant leave to file such a motion.  **See** Filing No. 82 - Order.

Evid. 401.  "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." **See** Fed. R. Evid. 402.  Furthermore, evidence of prior bad acts may be admissible.  **See** Fed. R. Evid. 404(b).  Prior bad act evidence is subject to a four-factor admissibility test:

> The evidence must:  (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value.

*United States v. Hickman*, 13-2675, 2014 WL 4116801, at *4 (8th Cir. Aug. 22, 2014) (citation omitted).

Despite the defendant's contention, 26 U.S.C. § 6531 does not bar the admission of evidence predating December 31, 2006.  While the date may be pertinent to the question of relevance and admissibility, the date alone is not determinative.  Therefore, the defendant's motion should be denied.

**IT IS RECOMMENDED TO CHIEF JUDGE LAURIE SMITH CAMP**:

The defendant's Motion to Suppress Evidence, Argument and Testimony by the Government (Filing No. 87) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 26th day of August, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge