IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>CHET LEE WEST,<br><br>                Defendant. | 8:13CR273<br><br>FINDINGS AND<br>RECOMMENDATION |

      This matter is before the court on the motion of defendant, Chet Lee West (West), to stay proceedings and a plea in abatement (Filing No. 93). West seeks the stay of all proceedings in this case pending his challenge to the constitutionality of the Jury Selection and Service Act, 28 U.S.C. § 1861, *et al.* (the Act), specifically § 1865, and for failing to comply with the grand jury selection policy. The government has filed a response (Filing No. 97).

      On July 17, 2013, the Grand Jury for the District of Nebraska returned an Indictment charging the defendant with three counts of income tax evasion in violation of 26 U.S.C. § 7201. **See** Filing No. 1 - Indictment. The Indictment alleges West willfully attempted to evade income taxes for the calendar years 2007, 2008, and 2009 (Filing No. 1). Following a continuance requested by West, West appeared by summons for arraignment on September 23, 2013, whereupon West requested to proceed *pro se* and declined to enter a plea to the Indictment. The court entered a plea of not guilty on all counts for West (Filing No. 17). At the arraignment, the court entered an order for the progression of the case setting, *inter alia*, a pretrial motion deadline of October 15, 2013. West was released, upon conditions, pending trial (Filing No. 20). West subsequently requested and was granted extensions of the pretrial motion deadline to January 31, 2014 (Filing Nos. 30 and 33). West's motion to extend the pretrial motion deadline beyond January 31, 2014, was denied by Senior Judge Richard G. Kopf (Filing No. 35). Trial scheduled for March 24, 2014 (Filing No. 35), was subsequently continued, at West's request, to July 28, 2014 (Filing No. 51). A Rule 17.1 conference was held on July 9, 2014 (Filing No. 80). Trial was continued to

October 7, 2014, at West's request (Filing Nos. 79 and 82). Trial is now scheduled to commence on December 9, 2014 (Filing No. 95).

West's constitutional challenge is untimely. Pretrial motions were due on January 31, 2014. That deadline had been extended several times at West's request. West's challenge to the constitutionality of the Act was filed on August 28, 2014 (Filing No. 93). As the court may set a deadline for the filing of pretrial motions by the parties under Fed. R. Crim. P. 12(c), the failure to file such a motion by the deadline waives the issue pursuant to Fed. R. Crim. P. 12(e). The court has the authority to excuse such delay, but only if the movant establishes good cause for the delay. **United States v. Trancheff**, 633 F.3d 696, 697 (8th Cir. 2011); **United States v. Salgado-Campos**, 442 F.3d 684, 686 (8th Cir. 2006). West establishes no good cause for the delay in filing the motion especially in light of West's penchant for filing a multitude of pretrial motions.

Even assuming, *arguendo*, the court would consider West's motion on the constitutionality of the Act, it would not be meritorious. West generally argues the exclusion of jurors under 28 U.S.C. § 1865 is unconstitutional. **See** Filing No. 93 - Motion p. 1. Numerous courts have found the exclusion of certain classes constitutional. **See, e.g., United States v. Greene**, 995 F.2d 793, 796 (8th Cir. 1993) (recognizing an exclusion is rationally related to the legitimate governmental purpose); **United States v. Test**, 550 F.2d 577, 593-95 (10th Cir. 1976) (finding exclusions and disqualifications under 28 U.S.C. § 1865 constitutional); **United States v. Gordon-Nikkar**, 518 F.2d 972, 976 (5th Cir. 1975) (holding the government may "constitutionally impose citizenship as a qualification for jury service"); **United States v. Gast**, 457 F.2d 141, 142-43 (7th Cir. 1972) (finding 28 U.S.C. § 1865(b)(1), which sets forth the citizen and residency requirements, withstood constitutional challenge); **and United States v. Arnett**, 342 F. Supp. 1255, 1261 (D. Mass. 1970) (holding "[t]he Act as applied is not unconstitutional on the ground that 28 U.S.C. § 1865(b)(1) purposefully discriminates against persons with a local residence of less than one year"). West's motion to stay based on the constitutionality of the act should be denied.

However, West timely challenges the selection of jurors under 28 U.S.C. 1867(a), which provides a defendant must make a motion to dismiss the indictment or stay the proceedings "before the voir dire examination begins . . . on the ground of substantial

failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. 1867(a). However, West fails to provide sufficient facts to show there was a substantial failure to comply with the Act. Section 1867(d) provides a motion challenging a jury selection process shall contain "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of the statutory jury selection procedures." 28 U.S.C. § 1867(d). Although West filed what could arguably be construed as a "sworn statement of facts" before voir dire, the basis of his challenge is unfounded. West asserts there was a failure to comply with the Act because the "[grand] jury was not selected in conformity with section 1861 Title 28, because Citizens of Nebraska state (State Citizens) who are not also citizens of the United States (a/k/a federal citizens) are disqualified from serving by virtue of their chosen Citizenship status." **See** Filing No. 93 - Motion p. 5. To the extent West argues there was a violation under the fair-cross-section requirement, West has failed to make a prima facie showing of a violation.

"It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861; **see also** *Taylor v. Louisiana*, 419 U.S. 522, 528, 530, 538 (1975) (holding the sixth amendment guarantees "a jury drawn from a fair cross section of the community"). "In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." ***Duren v. Missouri***, 439 U.S. 357, 364 (1979). The court rejects West's challenge because of his inability to provide any evidence the jury panel was not chosen from a fair-cross-section of the community in accordance with the District of Nebraska's Plan for Random Jury

3

Selection[1] and the Act.  Therefore, West's motion challenging the selection of jurors should be denied.

**IT IS RECOMMENDED TO CHIEF JUDGE LAURIE SMITH CAMP**:

The defendant's motion (Filing No. 93) be denied.

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation.  Failure to timely object may constitute a waiver of any such objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 9th day of September, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] The District of Nebraska's Plan for Random Jury Selection is accessible on the court's website.  **See** http://www.ned.uscourts.gov/juror.