IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:13CR273 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| CHET LEE WEST, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S BRIEF IN RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

Prepared and submitted by:

DEBORAH R. GILG
United States Attorney

and

DONALD J. KLEINE
Assistant U.S. Attorney
Suite 1400
1620 Dodge Street
Omaha, NE 68102

1

**NATURE OF THE CASE**

Chet Lee West is charged in a three-count Indictment relating to violations of Title 26, United States Code, Section 7201.

The three-count Indictment covers three separate one-year time periods, commencing in at least 2007 and throughout 2009. In each of the three counts, it is alleged that defendant received taxable income from his employer for each calendar year, 2007 through 2009, for which he had an amount of income tax due and owing the United States and has failed to pay. Each count of the Indictment alleges that defendant did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America by taking affirmative acts of evasion at times material to the Indictment, in violation of Title 26, United States Code, Section 7201.

**FACTS**

Between the calendar years 2007 through 2009, defendant resided and worked for CSI Computer Specialists, Inc. (CSI) in Omaha, Nebraska. During this period of time, defendant received taxable income from CSI.

Specifically, during the calendar year 2007, defendant received taxable income from CSI in the sum of $76,623. Upon that taxable income, there was owing to the United States of America an income tax of $13,921.

During the calendar year 2008, defendant received taxable income from CSI in the sum of $94,634. Upon that taxable income, there was owing to the United States of America an income tax of $18,781.

1

During the calendar year 2009, defendant received taxable income from CSI in the sum of $100,967. Upon that taxable income, there was owing to the United States of America an income tax of $20,122.

In each of the calendar years, 2007 through 2009, defendant failed to make an income tax return on or before the income tax filing date, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax due and owing. In each of the calendar years, 2007 through 2009, defendant claimed he was exempt from all taxes and withholdings, which resulted in CSI not making income tax withholdings and forwarding withheld income taxes to the Internal Revenue Service on income earned, when in fact defendant was not exempt from all income tax as claimed. On numerous other occasions, defendant affirmatively represented in writing to CSI that he was exempt from all income tax and withholdings in effort to hide and conceal his income from the Internal Revenue Service, which resulted in CSI not making income tax withholdings and forwarding withheld income taxes to the Internal Revenue Service on income earned in 2007, when in fact defendant was not exempt from all income tax as claimed.

As a result of defendant's failure to make an income tax return on or before the income tax filing date, the assessments were not entered into the IRS computer system for calendar years 2007 through 2009.

## DEFENDANT'S MOTION

Defendant's Motion to Dismiss asserts that IRS "Certificate of Assessments" lack "signature" and a "balance," therefore the Indictment should be dismissed. (Filing No. 108.)

**ARGUMENT**

I.    **The Defendant's Motion is Untimely and Lacks Merit.**

Defendant's deadline to file pretrial motions was January 31, 2014. (Filing No. 33). Defendant's Motion was filed on November 10, 2014, beyond the pretrial motion deadline. Defendant's Motion to Dismiss is untimely.

Under Federal Rule of Criminal Procedure 12(e), if a party fails to file a pretrial motion by the deadline set by the court, the party waives that issue. United States v. Salgado–Campos, 442 F.3d 684, 686 (8th Cir. 2006). If a party shows good cause for the delay, the district court has discretion to excuse the waiver. *See* Fed. R. Crim. Pro. 12(e). The government asserts that defendant has not shown good cause for the delay in filing the Motion to challenge the constitutionality of certain statutes presently before this Court.

Defendant's Motion to Dismiss also lacks merit and is unsupported by the law. Defendant cites Title 26, United States Code, Section 6331, levy and distraint, claiming that there is not a lawful IRS tax assessment for the prosecution to proceed against him. (Filing No. 108). In support of this position, defendant cites the case of Bothke v. Fluor Engineers & Constructors, Inc., 713 F.2d 1405 (9th Cir. 1983) cert. granted, judgment vacated sub nom. Terry v. Bothke, 468 U.S. 1201, 104 S. Ct. 3566, 82 L. Ed. 2d 867 (1984), a civil lawsuit which addressed a taxpayer claim for damages for wrongful levy of his wages. Defendant fails to show how the analysis in the aforementioned case applies to the criminal tax evasion case currently before this Court.

Instead, the Eighth Circuit has previously rejected similar arguments to that asserted by defendant in his Motion to Dismiss. In the matter of United States v. Silkman, 156 F.3d 833 (8th Cir.1998) (Silkman I), the court did not require the IRS to issue a tax assessment in order to meet

3

its burden of proving the existence of a tax deficiency. The main issue in Silkman I was whether a tax assessment issued in a civil collections case is conclusive proof of a tax deficiency in a criminal tax evasion prosecution. Id. at 835. The court held that it was not. Id. at 835–36. In addressing an "additional issue [ ]" that "require[d] little discussion," the court also held that "an assessment is not a necessary element of a payment evasion charge." Id. at 836–37. Moreover, on appeal after remand, the court specifically addressed whether an accurate assessment was required in a criminal tax evasion case in order for the government to satisfy the tax deficiency element of the offense. United States v. Silkman, 220 F.3d 935, 937 (8th Cir.2000) (Silkman II), cert. denied, 531 U.S. 1129, 121 S.Ct. 889, 148 L.Ed.2d 796 (2001). The court stated:

> When a taxpayer fails to file a return and then refuses to provide relevant information to the IRS, the agency ... is not compelled to file a substitute return to trigger the assessment process. Indeed, it is not even compelled to make a formal assessment when no return is filed, because any deficiency is deemed to arise by operation of law on the date a return should have been filed.

Id. (internal citation and emphasis omitted).

In the more recent matter of United States v. Gustafson, 528 F.3d 587, 592-93 (8th Cir. 2008), a criminal case also involving income tax evasion pursuant to 26 U.S.C. § 7201, the court citing the aforementioned logic held "it is clear in this Circuit that a defendant may be convicted under § 7201 even when the IRS has not issued an assessment of taxes owing." United States v. Gustafson, 528 F.3d 587, 592-93 (8th Cir. 2008).

In the present action, defendant is charged in a three-count Indictment relating to violations of 26 U.S.C. § 7201.  As a result of defendant's failure to make an income tax return on or before the income tax filing date, the assessments were not entered into the IRS computer

4

system for calendar years 2007 through 2009. While defendant claims this is grounds for dismissal of the Indictment, precedent is clear that a defendant may be convicted of a violation of § 7201 even when the IRS has not issued an assessment of taxes owing.

## CONCLUSION

The United States respectfully requests that defendant's Motion to Dismiss (Filing No. 108) be denied.

          Respectfully Submitted,

          UNITED STATES OF AMERICA,
          Plaintiff,

          DEBORAH R. GILG
          United States Attorney

By:    s/ Donald J. Kleine
        DONALD J. KLEINE, #22669
        Assistant U.S. Attorney
        1620 Dodge Street, Suite 1400
        Omaha, NE  68102-1506
        Tel:  (402) 661-3700
        Fax:  (402) 661-3084
        E-mail: donald.kleine@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on November 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The filing was sent by U.S. mail to the following:

Chet Lee West
124 Glen Forrest Drive
Nebo, NC 28761

              <u>s/ Donald J. Kleine</u>
              Assistant United States Attorney