IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13CR273 |
| vs. | |
| CHET LEE WEST, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the court on the defendant's, Chet Lee West, Motion to Dismiss for Payment of Assessed Taxes (Filing No. 108). The government filed a brief (Filing No. 112) in response to the motion.

### BACKGROUND

On July 17, 2013, the Grand Jury for the District of Nebraska returned an Indictment charging the defendant with three counts of income tax evasion in violation of 26 U.S.C. § 7201. **See** Filing No. 1 - Indictment. After several motions and requests for extensions, this matter is set for trial on February 3, 2015. **See** Filing No. 110 - Order. The deadline to file pretrial motions was January 31, 2014. **See** Filing No. 33 - Order.

On November 10, 2014, the defendant filed the instant motion to dismiss. **See** Filing No. 108 - Motion. The defendant seeks to dismiss this case because the Internal Revenue Service (IRS) Certificates of Assessments lack a signature and balance. *Id.* at 1, 6-11. Additionally, the defendant seeks dismissal upon payment of assessed taxes for tax years 2007, 2008, and 2009. *Id.* at 1. The defendant states he renders payment in the amount of the balance of the 2007 to 2009 assessments, which, according to the Certificates of Assessments, is "0.00 Federal Reserve Notes." *Id.* at 4. The defendant argues upon receipt of the funds, his account will be settled, and the court can dismiss all charges. *Id.* at 5.

In response, the government contends the defendant's motion is untimely. **See** Filing No. 112 - Response p. 3. Additionally, the government argues as a result of the defendant's failure to file income tax returns, the IRS did not enter assessments into the

system, but the lack of assessments, according to precedent, does not require dismissal.  *Id.* at 3-5.

## ANALYSIS

### A.   Timeliness

The deadline to file pretrial motions was January 31, 2014.  **See** Filing No. 33 - Order.  The defendant filed his motion on November 10, 2014.  **See** Filing No. 108 - Motion.  "If a party fails to file a pretrial motion before [the pretrial motion] deadline, the party waives that issue."  **United States v. Salgado-Campos**, 442 F.3d 684, 686 (8th Cir. 2006) (**citing** Fed. R. Crim. P. 12(e)).  The defendant's motion is well beyond the pretrial motion deadline and the defendant has not shown good cause for the late motion.  Therefore, the defendant has waived the issue and the motion to dismiss should be denied.

### B.   Merits

Assuming, *arguendo*, the court entertains the defendant's motion, the defendant's motion should be denied on the merits.  The Eighth Circuit has previously rejected arguments similar to the defendant's.  In **United States v. Silkman**, the Eighth Circuit held,

> When a taxpayer fails to file a return and then refuses to provide relevant information to the IRS, the agency faces a difficult task in determining, assessing, and collecting whatever tax may be owed.  It is not compelled to file a substitute return to trigger the assessment process.  Indeed, it is not even compelled to make a formal assessment when no return is filed, because any deficiency is deemed to arise by operation of law on the date a return should have been filed.

**Silkman**, 220 F.3d 935, 937 (8th Cir. 2000) (**Silkman II**) (internal citation omitted). Additionally, the Eighth Circuit has held "it is clear in this Circuit that a defendant may be convicted under [26 U.S.C.] § 7201 even when the IRS has not issued an assessment of taxes owing."  **United States v. Gustafson**, 528 F.3d 587, 593 (8th Cir. 2008); **see also United States v. Silkman**, 156 F.3d 833, 836-837 (8th Cir. 1998) (**Silkman I**) ("[A]n assessment is not a necessary element of a payment evasion charge.").

Accordingly, even though the assessments are unsigned and have a zero balance, as represented in the attachments to the defendant's motion, dismissal is not required because the assessments are not necessary to prove tax evasion under 26 U.S.C. § 7201. Therefore, the defendant's motion should be denied.

**IT IS RECOMMENDED TO CHIEF JUDGE LAURIE SMITH CAMP**:

The defendant's Motion to Dismiss for Payment of Assessed Taxes (Filing No. 108) be denied.

**ADMONITION**

Pursuant to NECrimR 59.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 18th day of November, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge